### In re ROEBLING STREET IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. March 3, 1911.)

1. EMINENT DOMAIN (§ 136*)—COMPENSATION—MEASURE.
   Commissioners and experts in valuing land condemned to widen a street could consider it as a whole, and were bound to give the full value of the land actually taken with any consequential damages resulting to the land remaining.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 363–366; Dec. Dig. § 136.*]

2. EMINENT DOMAIN (§ 136*)—COMPENSATION—MEASURE.
   In ascertaining consequential damages resulting from taking land to widen a street, the actual value of the land and buildings after the strip had been taken could be considered.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 363–366; Dec. Dig. § 136.*]

3. EMINENT DOMAIN (§ 145*)—COMPENSATION—MEASURE.
   In determining consequential damages to remaining land resulting from condemning land to widen a street, the commissioners could consider that the street had been increased in width, thus increasing the easement of light and air, and the general desirability of the property along the street.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 378–389; Dec. Dig. § 145.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Application by the City of New York to acquire title, etc., to lands to widen Roebling Street in the Thirteenth and Fourteenth Wards, Borough of Brooklyn, City of New York. From an order confirming an award made by the commissioners of estimate and assessment, Giovanni Merola and another appeal. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, WOODWARD, and RICH, JJ.

Hugo Hirsh (Herbert Andrews, on the brief), for appellants.

Edward Riegelmann (E. Lyndsey Bourke, on the brief), for respondent City of New York.

WOODWARD, J.   Under thoroughly well-established rules governing appeals in matters of this character, the appellant, who seeks an increase of the award, has failed to establish a right to such relief. The commissioners viewed the premises, took testimony, and made their award in the manner sanctioned by law and usage. The award is something over the figures made by the expert for the city of New York, and less than the original figures given by the expert for the appellant, though only in a degree which might be expected. The damages fixed by the city's expert were $2,673.50 less than those figured by the expert for the claimant under his original estimate, but these figures were changed upon the theory that in some manner the tenement house law interfered with the use of the premises for tenement house purposes, and that there was a constructive destruction of the tenement house which concededly remains upon the property.

There was no evidence that the premises were specially adapted to the purposes of a tenement house, no evidence that any one ever intended to use them for this purpose, except that of two buildings upon the property, one of which was destroyed, one was a tenement house. There was no evidence from which it could be determined that the property used as tenement house property would be more valuable than it would be if its character was entirely changed, and it is a fact commonly known that in many parts of the city land is more valuable with the old buildings demolished than with them standing and in use as tenement houses. The commissioners and the experts had a right to consider the property as a whole. It was their duty to give the full value of the land actually taken with any consequential damages which might result to that which remained (Newman v. Metropolitan Elevated R. Co., 118 N. Y. 618, 623, 23 N. E. 901, 7 L. L. A. 289), and in arriving at the consequential damages they had a right to determine what was the actual value of the land and buildings after the 20 feet frontage had been taken away in widening Roebling street in front of the premises. The fact that the premises could not be used for tenement purposes, if this was a fact, did not prevent them from reaching the conclusion that they might be used for stores, and that their value for business purposes would be greater than for the purposes of a tenement house in which event the damages would, of course, be less. In determining the element of consequential damages, the commissioners were justified in taking into consideration the fact

127 N.Y.S.—60

that the street had been increased in width 20 feet, thus increasing the easement of light and air, and the general desirability of the property along the street. Newman v. Metropolitan Elevated R. Co., supra. The rule attempted to be asserted by the appellant is too fanciful for practical results, and would only tend to add uncertainty in a situation which already presents enough of complication.

The order appealed from should be affirmed, with costs.

Order affirmed on reargument, with $10 costs and disbursements. All concur.